OPINION
Defendant-appellant Daniel Peterson appeals from his conviction and sentence, following a no contest plea, for Possession of Drug Paraphernalia. Peterson contends that the trial court erred by denying his motion to suppress. Peterson contends that evidence was obtained as a result of an unlawful stop.
The trial court found that the officer who stopped Peterson reasonably believed that Peterson's vehicle was displaying an illuminated back-up light while the vehicle was in forward motion, in violation of R.C. 4513.13, thereby justifying a stop. Peterson has failed to demonstrate that there is insufficient evidence in the record to support this conclusion. Accordingly, the judgment of the trial court is Affirmed.
 I
The relevant facts are set forth in the trial court's decision and entry as follows:
 The facts of this case are essentially not in dispute. On September 24, 1999 at approximately 01:30 a.m. Officer Davis was on duty in uniform and driving a marked cruiser northbound on South Main Street in Centerville, Ohio. He observed Defendant's vehicle traveling southbound on Main Street and testified ". . . as the car went by me I could see a bright white light from the back of the vehicle on the driver's side on my side." Officer Davis turned his vehicle around and pursued Defendant's vehicle southbound on Main Street. He testified that as he got behind it he "could tell that there was just this white light on the left side" coming back into his face and that he initiated a traffic stop for the equipment violation.
 Finally, upon redirect examination, Officer Davis testified that at the time he effected the traffic stop of Defendant's vehicle he felt that Defendant may have been violating "Section 4513.13 of the Ohio Revised Code" which prohibits back-up lights continuously lighted when a vehicle is in forward motion. He testified that he didn't know whether the white light showing from the rear of Defendant's vehicle was coming from a broken taillight or a backup light or some kind of a running light. He testified that "it was just a bright white light coming back" and that the bright white light was being displayed to the rear of the vehicle while it was in forward motion on a public street.
 Upon consideration of the evidence and evaluation of the credibility of the witness, and notwithstanding the fact that the white light emanating from the rear of Defendant's vehicle may very well have been the result of a broken taillight, the Court finds that at the time he effected the traffic stop of Defendant's vehicle on September 24, 1999 Officer Davis possessed a reasonable and articulable suspicion that Defendant was violating Section 4513.13, Revised Code sufficient to make the stop.
It appears that the officer making the stop detected the odor of burning marijuana, and found marijuana and a drug paraphernalia in Peterson's car. Peterson was charged with Possession of Marijuana, in an amount less than 100 grams, and Possession of Drug Paraphernalia.
Peterson moved to suppress the evidence, contending that it was obtained as a result of an unlawful stop. Following a hearing on his suppression motion, the trial court, relying upon the findings quoted above, denied Peterson's motion. Thereafter, Peterson and the State entered into an agreement whereby Peterson pled no contest to the charge of Possession of Drug Paraphernalia, and the Drug Abuse charge was dismissed. The trial court accepted Peterson's plea, found him guilty, and sentenced him accordingly. From his conviction and sentence, Peterson appeals.
 II
Peterson's sole assignment of error is as follows:
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS.
Peterson argues that he was not in violation of R.C. 4513.05, which provides that "every motor vehicle . . . shall be equipped with at least one taillight mounted on the rear which, when lighted, shall emit a red light visible from a distance of five hundred feet to the rear . . ." Peterson argues that the white light that Davis observed was one taillight where the red plastic cover had broken off, but that his other taillight was working properly, thereby satisfying the requirements of R.C. 4513.05.
However, the trial court found that Davis stopped Peterson because he suspected a defective back-up light, in violation of R.C. 4513.13, which provides, in pertinent part, as follows:
 Any motor vehicle may be equipped with back-up lights, either separately or in combination with another light. No back-up lights shall be continuously lighted when the motor vehicle is in forward motion.
Peterson argues that: "[i]t was unreasonable for the officer to testify that he did not know whether the white light coming from the rear of the vehicle was from a broken taillight or backup light or some kind of running light. He clearly had the opportunity to observe the undamaged properly functioning lights on the right side of the vehicle which matched the left side. The officer issued a warning for a faulty taillight, not for a faulty backup or running light."
Although we have a transcript of the plea and sentencing, we have no transcript of the suppression hearing. Based on the record before us, we cannot conclude that the trial court's finding is unreasonable that Davis had a reasonable and articulable suspicion that Peterson was violating R.C. 4513.13
when he stopped Peterson.
Accordingly, Peterson's sole assignment of error is overruled.
 III
Peterson's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
 _________________ FAIN, J.
WOLFF and YOUNG, JJ., concur.